Samuels, J.
The first count of the declaration in this case alleges in substance that William Phaup, Peter B. Stratton, Theodorick C. Grannaway, John Saunders, and Nathaniel Lancaster now deceased, late partners trading under the firm of Lancaster, Stratton & Co., in the lifetime of Lancaster, by their note in writing, with their partnership style of Lancaster, Stratton & Co., by them thereto subscribed, bound themselves to pay the plaintiff the sum of 173 dollars 30 cents for value received. The second count in substance alleges that the surviving partners above named, by their note in writing with the name of *616 Lancaster, Stratton & Co. thereto by them subscribed, bound themselves to pay the plaintiff, when thereto requested, the further sum of 173 dollars 30 cents, for value received. The defendants Phaup and Gannaway being arrested, and the suit abating by the sheriff’s return as to the defendants Saunders and Stratton, issues were made up between the plaintiff and the defendants Phaup and Gannaway, on the pleas of payment and nil debet. At the trial the defendants moved the court to instruct the jury that the death of Lancaster, which occurred before the making of the note, operated the dissolution of said partnership unless it was proven that the contrary was to be the' case by some agreement between the partners, to which the said Lancaster was a party. And that after the dissolution of the partnership by death or otherwise, the powers of one partner to bind the partnership by promissory note wholly ceased; and that if it was proven to their satisfaction that the promissory note was made by Peter B. Stratton after the dissolution aforesaid, it should be held by them not binding upon the partnership unless the plaintiff proved that an authority was given to the said Peter B. Stratton by each and every one of the partners to make the same. The court overruled the defendant’s motion. ‘This instruction had reference to the issue on the plea of nil debet, and was intended to obtain the judgment of the court on the genuineness and validity of the note sued on.
The statute of February 5th, 1828, Sup. Rev. Code, p. 265, chap. 206, enacts, .among other things, that in a suit brought upon a promissory note in which the declaration shall allege or charge that the defendant made the same and subscribed his name thereto, every such note, with the name or signature thereto subscribed, upon being offered in evidence, shall be deemed and taken to be genuine, and the name or *617 signature to have been subscribed or made by the person charged therewith without any proof of the handwriting ; unless the defendant or some other person shall make affidavit to be filed with the plea that the said note was not made by the person charged therewith. The declaration in this case was that the note was made by the defendants and subscribed by them, by the style of Lancaster, Stratton & Co. It was within the power of defendants to sign in that form. If they, being all present, had consented that one of their number should thus sign the note as the signature of all, and it had been so done, it must have been treated as the signature of all. The declaration tenders an issue upon the factum of the note ; and the defendant having failed to take the issue so tendered by omitting to file the affidavit, the factum of the note is admitted by the pleadings. Evidence should not therefore have been heard to disprove the genuineness of the note; or having been improvidently heard, the court might have instructed the jury to disregard it, or might refuse any instruction which would give weight to the evidence thus improvidently admitted.
In neither of the cases of Shepherd, Hunter & Co. v. Frys, 3 Gratt. 442, or Kelly v. Paul, 3 Gratt. 191, did the declaration allege that the paper sued on was subscribed by the defendants. These eases were properly decided without reference to the statute, the terms of which did not extend to the cases.
I am of opinion to affirm the judgment.
Allen, J.
The true construction of the act of February 5th, 1828, Supp. Rev. Code, p. 265, has been twice the subject of consideration in this court. It was held, in Kelly v. Paul, 3 Gratt. 191, that the act dispensing with proof of handwriting in certain cases only applies where the declaration alleges that the defendant, or the person stated to have made the *618 writing, subscribed Ms name thereto. In the case of Shepherd, Hunter & Co. v. Frys, 3 Gratt. 442, the declaration did not aver that the note was signed or subscribed by the defendants ; and according to the case of Kelly v. Paul, the statute did not apply. It was therefore unnecessary to decide in that case what would have been the effect of the statute if the averment had been made in the declaration. The question, however, was considered and discussed by Judge Baldwin at considerable length, and in that opinion a majority of the court concurred. As the question upon the true construction of this act was one of practice constantly recurring in the inferior courts, it was a matter of general interest that the true construction of the statute should be settled, the court no doubt for that reason was induced to consider and express an opinion upon the question, although not directly presented in the case before it.
Since those decisions there has been a general revision of the laws. By the Code, chap. 171, § 38, p. 651, the construction given to the act of February 5th, 1828, has, I think, been recognized and adopted. It declares that where the declaration avers “ that any person made, endorsed, assigned or accepted any writing, no proof of the handwriting shall be required, unless the fact be denied by an affidavit which puts it in issue. This provision of the Code omits the clause in the act of 1828 which declares that every such note, &c. should be deemed and taken as genuine, the only provision upon which, as it seems to me, any doubt can arise. The deliberate opinion of this court upon a mere question of practice, although not directly arising in the case under consideration, when thus sanctioned by the legislature, ought not, I think, to be called in question.
Upon the act itself I am satisfied that the construction given in the case of Shepherd, Hunter & Co. v. *619 Frys was correct, and that it was not the intention of the legislature in actions upon writings not under seal, to make the omission to file the affidavit equivalent to a plea of non est factum to a suit upon a specialty. If any such intention had been entertained, they would have used very different language.
The title is an act dispensing with proof of handwriting in certain cases : And the effect of the statute is to dispense with the proof of handwriting, and nothing more. The clause “ that the writing shall be deemed and taken as genuine,” must be construed with reference to the leading intent of the act, and with the preceding and succeeding clauses. When offered in evidence, the writing is to be deemed and taken as genuine, and the name to have been subscribed by the person charged therewith, without any proof of the handwriting: Thus showing that the whole scope of the act was to establish a new rule of evidence; and, as was said in the case referred to, to relieve the plaintiff, not absolutely, but conditionally, from the proof on the trial of the handwriting. So far as the genuineness of the instrument depends on the faet of the signing, the absence of the affidavit is to that extent an admission of the genuineness. But the handwriting being conceded, there may be other objections to the validity of the instrument. Where one of several partners signs a note purporting to be a note of the firm, the fact of its being so signed may appear on the face of the instrument, or be averred in the declaration. The handwriting is genuine, but the authority to sign is another question. That may depend on the proof of the partnership or the evidence of its dissolution. So where a note has been really signed by the party charged therewith, he cannot, according to the statute, make an affidavit that the name was not so made or signed, or that the name or signature was not subscribed by the party charged *620 therewith in the declaration. Yet the note may have been obtained by fraud or duress, or be altered or erased, so as to destroy its validity. Can we conceive the legislature intended to cut off all these and similar defences by the omission of the affidavit that the instrument was not so made or signed as in the declaration was charged ? In such cases the affidavit could not follow the terms of the statute; it must necessarily be in the nature of a special plea of non est factum. And in some cases the genuineness of the instrument would be, not a question of fact to be sworn to, but a conclusion of law upon the facts set forth : As in the case under consideration, partners acting within the scope of their authority are agents of each other, and what one does by his legally constituted agent he does himself. The note signed by his partner is his note. But whether after a dissolution of the firm by the death of one of the partners, an authority continues in a surviving partner to bind the other surviving partners by a note given in the name of the firm, is a question of law arising on the facts in proof, and having no connection with the proof of the handwriting of the party charged therewith in the declaration.
In this case, as in the case of Shepherd &c. v. Frys, there was no question as to the handwriting; it was signed in the firm’s name. The case turned upon the authority of any one to bind the other surviving partners under the circumstances disclosed : And for the reasons given, and those contained in the opinion referred to, I think that the parties were not precluded from going into that question, notwithstanding the omission to file the affidavit required by the act of February 5th, 1828. I have not thought it necessary to express any opinion as to the correctness of the decision of the court refusing the instruction asked for by the defendants as set forth in the bill of exceptions *621 taken at the trial; for, according to the opinion of the majority of this court, the defence to which the instruction referred was cut off by the failure to file an affidavit under the statute ,* and it was therefore unnecessary to consider that question.
Moncure and Lee, Js. concurred in the opinion of Samuels, J.
Daniel, J. concurred with Allen, J.
Judgment affirmed.